TOTTEN *v.* NEW YORK, L. E. & W. R. Co.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

1. RAILROAD COMPANIES—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.
   In an action for damages, occasioned by a collision with defendant's train at a highway crossing, the court properly refused to charge that it was negligence in plaintiff to drive up to the crossing at a slow trot, and left it to the jury to say whether, under the circumstances, he was negligent.

2. TRIAL—OBJECTION TO EVIDENCE.
   The objection to the question, "State whether there was any signal, either by the ringing of the bell or blowing of the whistle of that train, before it got to the crossing," that it was improper in form, and that there was no foundation laid for it, was not well taken, as form of question and order of proof is in the discretion of the court.

Appeal from circuit court, Steuben county.

Action by Andrew Totten against the New York, Lake Erie & Western Railroad Company, for the loss of a horse and the injury to a wagon occasioned by a collision with a train of the defendant at a highway crossing. From a judgment for plaintiff, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. H. Stevens,* for appellant.     *W. W. Clark,* for respondent.

DWIGHT, P. J. We think the evidence in this case required the submission to the jury of the two questions of negligence on the part of the defendant, and of contributory negligence on the part of the plaintiff. The evidence on the subject of the omission of signals from the approaching train was, as

usual, contradictory, and manifestly required the submission of that question to the jury. The question whether the plaintiff observed all reasonable precautions to avoid the collision was one in respect to which different inferences might possibly be drawn from the evidence by different minds, and it was for that reason a question for the jury. The instructions given to the jury seem to us in all respects adequate and correct. The court properly declined to charge that the particular gait at which the plaintiff was driving as he approached the crossing, which was described as a slow trot, was of itself negligence on his part. The jury was instructed that they must take into consideration (among other things) "the way he came upon the track, and the pace at which he went down to it," and say whether, under the circumstances, there was any negligence on his part in those respects. The objection to the direct question put to several witnesses, "State whether there was any signal, either by the ringing of the bell or blowing of the whistle of that train, before it got to the crossing," was not well taken. The objection was that the question was improper in form, and that no foundation was laid for it, by which it seems to have been intended that it was not shown what observation of the subject the witness had made. But, at most, the objection related only to the form of the question and the order of proof, which were both in the discretion of the court. We find no exception in the case which can vitiate the verdict, and are of opinion that the judgment and order appealed from should be affirmed. Judgment and order appealed from affirmed. All concur.