### RICHARDSON v. NEW YORK CENT. & H. R. R. Co.

(*Supreme Court, General Term, Fifth Department.* October, 1891.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—RATE OF SPEED.
    In an action against a railroad company for injuries sustained by a train colliding with plaintiff's buggy at a crossing on a much frequented street in a populous village, it is proper to submit to the jury the question whether the train was running at an improper and dangerous rate of speed.
2. SAME—CONTRIBUTORY NEGLIGENCE—PROVINCE OF JURY.
    Plaintiff testified that as she approached the crossing the watchman on duty there made a motion with his lantern, which she understood and relied on as a signal to cross; that after her horse had crossed, and while her buggy was on the

track, the flagman stopped her horse; and that she had looked and listened for the train. A witness for plaintiff testified that he came to the crossing from the opposite side at the same time as plaintiff, and was beckoned by the flagman to cross, which he did in safety. All this was contradicted by defendant. It appeared that plaintiff was familiar with the crossing, and knew that the train was due at or about the time at which it did in fact arrive; and that, after coming within 51 feet of the track, she could have seen the train approaching if she had looked. *Held,* that the question of plaintiff's contributory negligence was for the jury.

3. SAME—INSTRUCTIONS.

In such case the court properly refused to charge that the rate of speed at which plaintiff approached and drove on the track, which she described as a slow trot, "and slowed up towards the railroad track," of itself constituted negligence on her part.

Appeal from circuit court, Ontario county.

Action by Ida G. Richardson, by her guardian *ad litem,* against the New York Central & Hudson River Railroad Company, for personal injuries. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. W. Dunwell,* for appellant.   *John Gillette,* for respondent.

DWIGHT, P. J.   Soon after dark on an evening in October, 1889, the plaintiff, a young woman of 20 years of age, was driving one horse, in a top buggy, over the track of the defendant's road, at the crossing of Exchange street, near the station, in the village of Geneva, when a train of the defendant, coming down the grade and around a curve from the west, collided with her vehicle, and she was thrown out upon her head, sustaining an injury for which the jury in this action awarded her a verdict of $5,000. Evidence for the plaintiff tended to show negligence on the part of the defendant in respect to the rate of speed at which the train was run; there being evidence which tended to show that it was an undue, improper, and dangerous rate of speed at which to run a train across a much frequented street in a large and populous village; and the case in this respect was properly submitted to the jury. *Thompson* v. *Railroad Co.,* 110 N. Y. 636, 17 N. E. Rep. 690.

One peculiar circumstance is disclosed by the narrative of this case, which necessarily bears upon both the main questions involved in actions of this character. The flagman was on the crossing, and had his lantern, or, as he testifies, two lanterns, in his hands. The plaintiff testifies that he made a signal with his lantern for her to come on, and she describes the motions of the lantern as being in line with the highway and across the tracks. This she says she took for a signal to her to cross, which she relied upon, and attempted the crossing, with the result which has been mentioned. A witness called by her testified that he came to the crossing from the opposite direction, almost at the same moment as the plaintiff, and was beckoned by the flagman to cross, which he did in safety, though barely escaping collision with the engine. The plaintiff further testifies that after her horse had crossed the track on which the train was coming, and when her carriage was on the track, the flagman seized her horse by the head, and stopped him. Of course there was contradiction on all these points, but the question of fact in respect to each of them was submitted to the jury, with proper instructions as to the bearing of the facts, if found, upon the verdict to be rendered. The plaintiff was familiar with the crossing, and knew that the train was due at about the time at which it did in fact arrive; and the evidence is undisputed that, after passing a point 51 feet distant from the track, in the middle of the street, the train was in her view coming down the grade towards the crossing, if she had looked at it. She testified that she was attentive to the situation, looking and listening for the train, so that it would seem that there must have been something to distract her attention from the true situation, and to reassure her of safety in the attempt to cross the track. Whether this was the

supposed signal of the flagman to come on, or the sight of the other passenger crossing from the other side—in safety, as it proved—between herself and the approaching train, or both these circumstances combined, and how far she was justified in relying upon these indications, in view of all the circumstances of the case, was probably a question for the jury, and, as such, it was properly submitted by the charge of the court. The case is by no means free from doubt, and may even be regarded as an extreme case for submission to the jury upon the question of the plaintiff's contributory negligence; but, admonished as we are of the danger of invading the province of the jury upon this particular question, we do not feel justified in holding as matter of law that the plaintiff did not exercise that ordinary degree of care for her own safety which was reasonably to have been expected of her under all the circumstances of this case. *Greany* v. *Railroad Co.*, 101 N. Y. 423, 5 N. E. Rep. 425; *Parsons* v. *Railroad Co.*, 113 N. Y. 364, 21 N. E. Rep. 145; *Swift* v. *Railroad Co.*, 123 N. Y. 649, 25 N. E. Rep. 378.

The case being one which the court was required to submit to the jury, there was, so far as we observe, no error committed on the trial or in the submission of the case which vitiates the verdict. It was not error for the court to decline to charge that the rate of speed at which the plaintiff approached and drove upon the track, which she describes as a slow trot, "and slowed up towards the railroad track," of itself constituted negligence on her part. *Totten* v. *Railroad Co.*, (Sup.) 10 N. Y. Supp. 572. All the instructions to the jury, both in the general charge and in response to requests, seem to us to have been extremely well-guarded and free from objection; and we find no ruling on evidence which seems to us to give ground for exception. The damages awarded, though liberal, are not so clearly incommensurate with the injuries which the jury might find to have been sustained as to warrant this court in setting aside the verdict on that ground. We think the judgment and order must be affirmed. All concur.